UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL FORTUNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00157-NT |
| | ) | |
| | ) | |
| MAINE DEPT. OF CORRECTIONS, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Daniel Fortune seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) The State contends the petition was not filed timely in accordance with 28 U.S.C. § 2244(d), and thus asks the Court to dismiss the petition. (Response, ECF No. 7.)

After a review of the petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request, and dismiss the petition.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was initially indicted on several state court criminal charges in August 2008; a fourteen-count superseding indictment, filed in February 2009, charged Petitioner with four counts of aggravated attempted murder, 17-A M.R.S. § 152-A(1)(A) (premeditation-in-fact), 17-A M.R.S. § 152-A(1)(D) (extreme cruelty) (Class A); two counts of elevated aggravated assault, 17-A M.R.S § 208-B(1)(A) (Class A); one count of robbery, 17-A M.R.S. § 651(1)(D) (Class A); one count of criminal attempt,

17-A M.R.S. § 152(1)(A) (Class A); one count of theft by unauthorized taking or transfer, 17-A M.R.S. § 353(1)(B)(1) (Class B); one count of burglary, 17-A M.R.S. § 401(1)(B)(4) (Class B); one count of criminal conspiracy, 17-A M.R.S. § 151(1)(B) (Class B); one count of failure to appear after bailed, 15 M.R.S. § 1091(1)(B) (Class C); and two counts of violation of condition of release, 15 M.R.S. § 1092(1)(A) (Class E), 15 M.R.S. § 1092(1)(B) (Class C). (*State v. Fortune*, No. AUGSC-CR-2008-00672 (Me Super. Ct., Kennebec Cty.), State Court Record ("Record"), ECF No. 7-1 at 3-4, 6.)

In March 2010, the state court granted Petitioner's motion to change venue, and the court changed the venue from Kennebec County to Somerset County. (*Id.* at 8.) On the day the jury was selected, Petitioner pled guilty to three of the charges: theft by unauthorized taking, failure to appear after bailed, and the Class E violation of condition of release. (*State v. Fortune*, No. SKOSC-CR-2010-00122 (Me Super. Ct., Somerset Cty.), Record at 16.) Following a seven-day trial, the jury found Petitioner guilty of the eleven remaining charges. (Record at 18.)

In June 2010, the court sentenced Petitioner to life in prison on the convictions for aggravated attempted murder, and sentenced Petitioner to lesser terms on the remaining charges, with all of the terms to be served concurrently. (Record at 19-23.)

On December 13, 2011, the Law Court affirmed the judgment and the sentence.[1] *State v. Fortune*, 2011 ME 125, ¶ 2, 34 A.3d 1115. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

On August 16, 2012, Petitioner filed a state court petition for postconviction review in Somerset County. (*Fortune v. State*, No. SKOSC-CR-2012-00271 (Me. Super. Ct., Somerset Cty.), Record at 33.) Upon the State's motion, the court transferred the postconviction case to Kennebec County Superior Court. (*Id.* at 34.) Following an evidentiary hearing held in November 2014, the trial court denied the petition in December 2015. (*Fortune v. State*, No. AUGSC-CR-2014-00056 (Me. Super. Ct., Kennebec Cty.), Record at 37-38.)

---

[1] The Law Court described the issues on appeal:

> Fortune argues on appeal that (1) the evidence was insufficient to support a finding of "premeditation-in-fact" as an element for conviction of the two counts of aggravated attempted murder, 17–A M.R.S. § 152–A(1)(A); (2) the evidence was insufficient to support a finding of "extreme cruelty" as an element for conviction of the two counts of aggravated attempted murder, 17–A M.R.S. § 152–A(1)(D); (3) the evidence was insufficient to support the separate conviction of one count of attempted murder as to three individuals who were not harmed; (4) the court erred when it instructed the jury that it could find Fortune guilty of attempted murder if the jury found that the State had proved attempted murder as to only one of the three victims named in the single count of the indictment; (5) his sentence of life imprisonment is not proportional to the offense of aggravated attempted murder in violation of article I, section 9 of the Maine Constitution; (6) the sentencing court erred in imposing concurrent sentences of imprisonment for life on two counts of aggravated attempted murder; and (7) the sentencing court erred in failing to clearly articulate on the record the three-step sentencing analysis, 17–A M.R.S. § 1252-C (2010), in determining the sentences imposed on each of the remaining nine felony counts of which he was found, or to which he had pleaded, guilty.

*State v. Fortune*, 2011 ME 125, ¶ 2, 34 A.3d 1115.

The Law Court granted a certificate of probable cause; on April 4, 2017, the Law Court affirmed the postconviction judgment. *Fortune v. State*, 2017 ME 61, ¶¶ 1, 8, 17, 158 A.3d 512.

Petitioner states that he signed the section 2254 petition and placed it in the prison mailing system on March 29, 2018. (Petition at 15.) Petitioner alleges that there were errors in the jury selection process; that trial and appellate counsel failed adequately to confront witnesses; that at sentencing the court failed to consider mitigating circumstances, and the Court "expressed an overt hostility" to Petitioner's decision to exercise his right to a jury trial; and that the Maine Law Court erred when it permitted the trial court to consider Petitioner's motion to reconsider the trial court's denial of the petition.[2] (*Id.* at 5-10.)

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2244(d), which governs the time within which a petitioner must assert a claim under section 2254, provides:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[2] Petitioner alleges the Law Court "stated further review [was] to be conducted by the trial court, barring Petitioner from any meaningful relief." (Petition, ECF No. 1 at 7.) Petitioner's argument possibly relates to the Law Court's March 2016 order granting Petitioner's motion to permit the Superior Court to reconsider its denial of the petition. (State Court Record ("Record"), ECF No. 7-1 at 42-43.) In April 2016, the Law Court noted on its docket the trial court's denial of the motion for reconsideration. (*Id.* at 43.) In July 2016, the Law Court granted Petitioner's certificate of probable cause. (*Id.*)

4

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from such filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner did not timely file his petition. The one-year limitation period for filing a section 2254 petition starts when the judgment is final. *See* § 2244(d)(1)(A). A judgment is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and quotation marks omitted). In Petitioner's case, the judgment became final on March 12, 2012, which was 90 days after the December 13, 2011, date on which the Maine Supreme Judicial Court issued its decision in Petitioner's appeal. *See* Rule 13 of the Rules of the Supreme Court of the United States ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil

or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.")

The limitation period ran for 157 days, from and including March 12, 2012, to but excluding August 16, 2012, when Petitioner filed his state court petition for postconviction review. *See Holland v. Florida*, 560 U.S. 631, 635 (2010) (noting the limitation period included the date that "ended further direct review" of the judgment, in that case, the date on which the Supreme Court denied certiorari).

Pursuant to section 2244(d)(2), the limitation period was tolled while the state review was pending, "[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures." *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (alterations and quotation marks omitted).[3]

The limitation period started again on April 4, 2017, which was the date of the Law Court's judgment, and it ran for an additional 208 days (365-157=208). By November 2017, therefore, the limitation period had expired. Petitioner's section 2254 petition, which he states he submitted to the prison mailing system on March 29, 2018, was filed well after the expiration of the limitation period. The petition is thus was not filed timely.[4] Dismissal of the petition, therefore, is warranted.

---

[3] Because under 28 U.S.C. § 2244(d)(2), the limitation period was tolled the entire time state review was pending, the tolling period included the period during which, pursuant to the Law Court's March 2016 order, Petitioner's motion for reconsideration was pending before the trial court. (Record at 42-43.)

[4] Petitioner does not allege any facts to suggest, nor does the record reflect any information that would suggest, that any of the start dates set forth in section 2244(d)(1)(B), (C), or (D) applies, or that Petitioner

6

## III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of July, 2018.

---

is entitled to the application of the doctrine of equitable tolling under *Holland v. Florida*, 560 U.S. 631 (2010).